## UNITED STATES v. GEORGE.
### Criminal Action No. 7112.

District Court, W. D. Louisiana, Shreveport Division.

Dec. 28, 1942.

Malcolm E. Lafargue, U. S. Atty., of Shreveport, La., for plaintiff.

Albert Hughes, Jr., and F. A. Cashio, both of Shreveport, La., for defendant.

DAWKINS, District Judge.

On June 19th, 1934, defendant was charged in an indictment of four counts with violation of the Mail Fraud Statute, and on October 16th following was convicted by jury on counts 2 and 3. Imposition of sentence was suspended "for five years from expiration of sentence this day imposed in case No. 5742 (18 mos. El Reno reformatory), conditioned on his not violating any other law during such suspension." In the trial defendant was represented by counsel appointed by the court.

On December 30, 1940, a motion to revoke the suspension was filed and a warrant issued for defendant's arrest, the grounds being that George had again violated the Mail Fraud Statute in the identical manner as before. On February 26, 1941, the rule to revoke was tried before the Court and sustained, and thereupon defendant was sentenced on the second count of the indictment to serve 5 years in the U. S. Penitentiary at Leavenworth, Kansas.

On April 20, 1942, George filed in this court a document styled "motion to vacate judgment of the court" signed in his own proper person. The grounds of this motion, succinctly stated, are:

(1) That more than five years had elapsed between the suspension of the imposition of sentence on October 16, 1934, and the revocation and imposition of sentence on February 26, 1941.

(2) That he was not represented by counsel at the revocation trial.

Shortly after filing this motion, hearing was had, at which the Government filed a plea to the jurisdiction. In disposing of this motion the entire record is before the court, from which the above facts were taken. Of course, 18 months from October 16, 1934, would be April 16, 1936, and even if defendant's contention that he could not be called back after expiration of this five year period was correct, it had not expired when he was, on December 30, 1940, charged with the violation for which, according to allegation of his own motion, he "was arrested * * * on or about December 2, 1940", or on February 26, 1941, when he was tried, suspension revoked and the sentence he is now serving imposed. However, the law is well settled that in any case where sentence is suspended, the Court may revoke same, for sufficient cause, and impose penalties at any time within the maximum period for which the prisoner could have been sentenced originally. In this case the conviction, being upon two counts of violating the Mail Fraud Statute (Section 338 Title 18 U.S.C.A.), a total of 10 years could have been given, or until October 16, 1944.

As to the second point, the allegation of the motion that the defendant was not represented by counsel is refuted, not only by the minutes of the court, from which the violation is quoted, but by the judgment of sentence itself. The minutes recite: "That defendant appeared represented by his attorney, A. D. Brown, was arraigned on the rule to revoke, pleaded not guilty and the trial of the case was ordered."

Quoting from the judgment of sentence on the motion to revoke we find the following: " * * * having formerly pleaded guilty to the indictment returned against him, charging him with violation of Sec. 338 Title 18 U.S.C.A., using the mails to defraud (he was) tried on said rule, being represented by Algie D. Brown, attorney-at-law, Shreveport, La., and found guilty of violating the terms of his probation * * *."

The motion in this case, presently considered, was not filed until April 20, 1942, approximately 14 months after the conviction and sentence for violating probation, long after jurisdiction for ordinary purposes had been lost. The question therefore is, do the allegations in the motion, in view of these recitals and the minutes and judgment, compel the court to entertain it? The motion alleges in paragraph 5 "the judgment was entered by said District Judge and sentence passed on the defendant without his being afforded any opportunity to have or obtain representation by counsel".

Paragraph VI is also quoted as follows: "That at no time from and after defendant's arrest of December 2, 1940, above mentioned until after the judgment and sentence of the Court had been entered, or at any other time, did defendant have the benefit of Counsel to conduct his defense to the charges for which he was tried in the said District Court, nor at any other time or place was defendant advised by the said District Court or by any other person, of his rights due to the charges against him to be represented by Counsel; That at none of said times was defendant asked by any of said persons of the Court whether he desired to be represented by Counsel; That at said time defendant did not by word or action in any way waive or refuse to waive himself of said right to be represented by Counsel; That at said time defendant was without funds with which to employ Counsel."

The Court recalls very distinctly this prisoner being represented by Mr. Brown and the contention being made that he could not be dealt with because the five years had expired.

 If such allegations are sufficient all prisoners in all the prisons throughout the country, at any time before the expiration of their sentences, can compel a reopening of their cases and a trial of the issue as to whether they were represented by counsel or waived the appointment of counsel, notwithstanding the clear recitals of the minutes and judgments of the courts, by simply alleging they were not so represented. It is my view that no such condition can be or should be tolerated, in the absence of specific allegations that the accused asked and was denied the right to be represented by counsel of his own choosing, or otherwise charges facts from which it can reasonably be concluded upon the face of his pleading that because of ignorance and inexperience he was taken advantage of and forced to trial without the aid of counsel. Defendant in this case does not claim that he pleaded guilty of violating probation, although he had so pleaded to the original indictment, and the recitals of the minutes and judgment that he was represented by counsel, was tried, and found guilty of violating the suspended sentence, must be accepted as correct. To state a case which would warrant the exercise of the extraordinary jurisdiction of a district court under these circumstances, I think it would be necessary that the prisoner charge facts showing fraud or mistake on the part of the court or its officers in falsifying the record, and that he set forth facts, under oath, with sufficient clearness from which that conclusion could be drawn. Of course, in event a motion containing such allegations was filed and sworn to, and it was subsequently shown that they were wilfully false, the prisoner could be charged with perjury and punished accordingly, or the very court in which the sentence upon other counts of the indictment had been suspended, could, using this perjury as a basis, set aside suspension upon those counts and impose further imprisonment. In fact, that very thing was done in this court some months ago, when a prisoner in the Atlanta penitentiary made similar charges in an application for a writ of habeas corpus, which were held to be unfounded in the District Court at Atlanta and affirmed by the Court of Appeals of this circuit. He was brought back to this court and given an additional two years upon another count of his indictment for committing the crime of perjury. This would seem to be the only effective way of curtailing the mass of unfounded applications for writs of habeas corpus, etc., in the courts having jurisdiction of Federal prisons.

It would seem further that the wardens of these institutions might be able to curtail this activity to some extent by requir-

ing that the social workers, or other persons who prepare or help to prepare these pleadings, obtain from the trial court full information as to the minutes, judgments, etc., before having prisoners make such affidavits. The latter should also be warned that they are liable to be prosecuted for perjury, or to be called back for further sentence on other counts of the indictments, if they make these false charges knowingly.

It is my view that the plea of the Government to the jurisdiction should be sustained.